NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NADINE BLUFORD, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| | Civil No. 10-cv-04928 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon Nadine Bluford's ("Plaintiff") Application for Attorney's Fees pursuant to The Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Court has reviewed the submissions of the parties, and for the reasons set below, the motion is granted in part and denied in part.

**I. PROCEDURAL HISTORY**[1]

    Plaintiff filed an application for Social Security Disability Income ("DIB") on May 17, 2007 and a concurrent application for Supplemental Security Income ("SSI") on September 13, 2007. Commissioner's Response in Opposition to Plaintiff's Motion "Comm'r Brief" at 4. After Plaintiff provided testimony at two hearings, an Administrative Law Judge ("ALJ") decided that Plaintiff was not disabled. *Id*. The Appeals Council denied Plaintiff's request for review and on October 4, 2010 she proceeded to file a complaint in the United States District Court, District of

---

[1]The facts in the Background section have been taken from the parties' submissions.

New Jersey. *Id* at 4-5. The District Court reversed and remanded the case to the Commissioner for further administrative action on April 15, 2011. *Id* at 5. Finally, on May 16, 2011, pursuant to §2412(b) of the EAJA, Petitioner moved for attorney's fees for 52.6 hours of work at an hourly rate or $185, totaling $9,731. *Id* at 5-6.

## II. DISCUSSION

### A. Overview

In order for Plaintiff to be awarded attorney's fees under the EAJA, "the Court must find that: (1) claimant is a prevailing party; (2) the Government's position was not substantially justified; and (3) no special circumstances exist to make an award unjust." *Neal v. Astrue*, 741 F. Supp. 2d 729, 731 (W.D.Pa. 2010) (citing *United States v. Eleven Vehicles*, 937 F. Supp 1143, 1150 (E.D.Pa. 1996)). If the number of hours claimed are "unnecessary, redundant, or inefficient," the Court should change them to "reflect a reasonable award." *Gillem v Astrue*, No. 06-6184 (WJM), 2008 WL 1925302, at *1 (D.N.J Apr. 30, 2008) (citing *Ashton v. Pierce*, 580 F. Supp. 440, 442 (D.D.C. 1984)). This Court has held that "somewhere in the neighborhood of forty hours" is a reasonable time for an attorney to spend on an average Social Security case. *Id.* at *2.

In the instant case, Defendant does not dispute that Plaintiff is a prevailing party or that the Government's position was not substantially justified. Defendant also does not challenge the fee rate. However, Defendant does claim that the number of hours Plaintiff requests are unreasonable and that therefore the proposed fee award should be reduced. Comm'r Brief at 2. Also, Defendant argues that the attorney's fees that are awarded belong to Plaintiff and not

2

Plaintiff's counsel. *Id*.

**B. Reasonableness of Hours**

**i. 9.1 Letter**

The Third Circuit has recognized that an attorney who comes into a case late in the litigation process needs a reasonable time to become familiar with the case and review the relevant facts. *See Bastian v. Comm'r of. Soc, Sec.,* No. 06-4580 (WJM), 2009 WL 1438224, at *3 (D.N.J May 20, 2009) (finding that 14.5 hours of reviewing the administrative record was not excessive since the attorney took on the case late into litigation and needed to familiarize himself with the facts). Additionally, the Third Circuit has taken an attorney's level of expertise into consideration when determining whether hours spent were excessive. *See Gillem*, 2008 WL 1925302, at *2.

In the instant case, Plaintiff requests compensation for 20.1 attorney hours spent on the 9.1 Letter. *See* Time Log and Costs for Melanie A. Willette/Glenn B. Carey. This is a reasonable amount of time because since Ms. Willette, Plaintiff's attorney, did not represent Plaintiff at her administrative hearings and needed to familiarize herself with a vast number of documents pertaining to this case. Further, Ms. Willette's level of experience must be taken into consideration. While is true that during law school Ms. Willette spent a year acting as a "first-chair" on four Social Security matters in a clinical program and did intensive Social Security work during this time, she has only been a member of the New York Bar since 2009. *See* Declaration of Melanie A. Willette, Esq. at ¶1, 3-4. Therefore, although she has Social Security experience, her experience dealing with this issue as an actual attorney is limited. Since Ms. Willette had to familiarize herself with the case and because she has limited experience, spending

3

20.1 hours on the twelve page 9.1 Letter is reasonable. *See Maldonado v. Houston*, 256 F.3d 181, 186 (3d. Cir. 2001) (finding that 120 hours would be an acceptable time to spend on a 41 page brief involving a "single uncomplicated issue").

**ii. Brief**

The Third Circuit has found attorney hours to be redundant when an attorney spent a significant amount of time on a brief that contained the same arguments and research as a previous brief. *See Ongay v. Astrue*, No. 09-160, 2011 WL 2457692, at *3 (D. Del. June 20, 2011) (finding 26.5 hours spent on a moving brief to be excessive when it contained research already appearing in the attorney's other briefs and seven hours spent on the reply brief to be excessive when it basically restated the arguments made in the opening brief).

In the instant case, Plaintiff requests compensation for 20.4 attorney hours spent on writing the District Court brief. *See* Time Log and Costs for Melanie A. Willette/Glenn B. Carey. However, some of these hours are redundant due to fact that the brief contained many of the same arguments as the 9.1 Letter. *Compare* Willette's 9.1 Letter Points I(A)-(C), Points II(A)-(B) and Point III with her District Court brief Points I(A)-(C), Point II and Point III. For example, Ms. Willette spent 0.7 hours writing her argument relating to obesity in the brief even though she spent 1.4 hours on this issue when writing her 9.1 Letter, and she spent one hour writing her argument on "ALJ's RFC assessment for light work unsupported" even though she spent two hours writing this issue for her 9.1 Letter. These two sections in her brief are almost exactly the same as in the 9.1 Letter, with minimal proofreading type changes made. Since Mrs. Willette already recorded 0.8 hours spent on proofreading, the 0.7 hours spent on writing the obesity argument and the one hour spent on the "ALJ's RFC assessment for light work unsupported"

4

argument will be struck due to redundancy. Ms. Willete also spent 2.7 hours writing her argument on "treating physician weight not given to cardiologist" in her brief even though she already spent 1.7 hours writing about this issue in her 9.1 Letter. However, since this part of her brief actually does contain some different arguments and research than what is in her 9.1 Letter, these hours will not be struck.

### iii. Administrative Tasks

The Third Circuit has held that plaintiffs are not entitled to compensation under the EAJA for clerical work that could have been done by members of a firm's support staff, such as a secretary or paralegal. *Bielec v. Bowen*, 675 F. Supp. 200, 204 (D.N.J 1987) (citing *Granville House, Inc. v. Dept. Of Health, Education and Welfare*, 796 F.2d 1046, 1050 (8th Cir. 1986), *vacated no other grounds*, 813 F.2d 881 (8th Cir. 1987). In the instant case, Plaintiff requests 2.2 hours worth of compensation for service of process, filing, and requesting an extension of time. *See* Time Log and Costs for Melanie A. Willette/Glenn B. Carey. Since these tasks could have been done by a support staff member, the time spent on these tasks must be deducted from Plaintiff's award.

### iv. EAJA Application

This court has recognized that filing an EAJA application is "time consuming" and "requires many pages of documentation and briefing." *See Chonko v. Comm'r of Soc. Sec. Admin.*, 624 F. Supp. 2d 357, 361 (D.N.J. 2008) (finding that 6.75 hours spent on preparing time records and on the EAJA application was not unreasonable). In this case, Plaintiff seeks attorney's fees for 8.8 hours spent on the EAJA application. *See* Time Log and Costs for Melanie A. Willette/Glenn B. Carey. This amount of time does not materially deviate from what this

5

Court has found to be reasonable. However, the 8.8 attorney hours that Plaintiff requests includes 0.4 hours for time spent on the table of contents and table of authorities, and these sections do not exist in the application. *See* Plaintiff's Application for Attorney's Fees Pursuant to the Equal Justice Act, 28 U.S.C. §2412. Therefore, these 0.4 hours will be deducted from Plaintiff's award.

**C. To Whom the Fees Will be Paid**

Plaintiff's attorneys request that the fees be paid directly to Abromson & Casey as opposed to Plaintiff, due to an assignment of legal fees executed by Plaintiff. *See* Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 at ¶16. However, the Supreme Court has interpreted the language of the EAJA to mean that the fees are to be paid directly to Plaintiff, not to counsel. *See*, *Astrue v. Ratliff*, 130 S. Ct 2521, 2522 (2010). While assignments are not prohibited, they can only be made "after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. §3727(b). Therefore, Plaintiff's attorneys are incorrect in requesting that fees be paid directly to Abromson & Casey, and the award rendered should be payable directly to Plaintiff.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. The following hours will be deducted from the award: 2.2 hours spent on administrative tasks, 0.7 hours spent on writing the obesity argument and one hour spent on the "ALJ's RFC assessment for light work unsupported" argument. Pursuant to the EAJA, this Court grants Plaintiff a total award of $8,935.50, comprised of 48.3 hours of work ($185 x 48.3 = $8,935.50). An appropriate order follows this Opinion.

      S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:    July  25 , 2011
cc:    All Counsel of Record